EasternDis't
*April*, 1827.

ZACHARIE
*vs.*
ORLEANS INS.
COMPANY.

---

5ns639
47  710

## ⁖ *PATIN* vs. *POYDRAS' EXECUTORS.*

APPEAL from the court of the fourth district.

PORTER, J. delivered the opinion of the court. This case comes up on a bill of exceptions taken to the refusal of the judge *a quo*, to continue the cause, in consequence of the indisposition of plaintiff's counsel.

The facts in regard to the exception, appear to be, that some days previous to the trial, the plaintiff moved for judgment by default; the defendant not having filed any answer. The motion was opposed, on the ground that the petition of injunction, filed by the plaintiff, was nothing more than an opposition to a seizure, and that the cause was at issue. The motion was taken up and

Sickness of the principal counsel is a good cause for a continuance.

argued on the 27th November, and the court ordered the defendants to file an answer. In consequence of the indisposition of one of the counsel for the plaintiff, the cause was ordered to be laid over until the morning of the 28th, and then to be tried.— The indisposition of counsel continuing, the cause was continued until the 29th, and the plaintiff failing to appear on that day by herself or attorney, the injunction was dissolved.

But though there was no appearance of the plaintiffs on that day to try the case, it appears there was one to obtain a continuance, founded on an affidavit, which in substance, stated—that the counsel which she had employed to argue the cause, was prevented from attending by indisposition; that it was not in her power to instruct other counsel of the circumstances of the case, to enable him to replace the gentleman who was absent. That the affidavit was not made for the purpose of delay, but because the plaintiff could not go safely to trial, being deprived of the leading counsel, in which she had placed her chief confidence.

The principal grounds which have been

EasternDis'ct
*Apr 1,*1827.

PATIN
*vs.*
POYDRAS.

urged in opposition to the application, is, that two days before, when the indisposition of the counsel was first announced, the court intimated to the associate counsel, to give notice to his client that the cause would be tried the next day.

And, second, that this was a case of injunction, which the law required should be tried summarily.

We are of opinion the court erred in refusing the continuance. It appears the counsel who had the principal charge of the cause, and on whom the plaintiff placed her greatest reliance, was unable to attend from illness. This was a good reason for postponing the trial. The contrary doctrine would lead to the most intolerable hardships. The party may be too poor to employ another attorney, or the person who is sick, may be the only one who has that knowledge of the case, that will enable him to present his client's pretensions fairly to the court. The plaintiff's right to have the case continued, was not weakened by the judge postponing it for one or two days, to see if the counsel would not recover. The plaintiff swears positively, that she was not able to make the

PATIN
vs.
POYDRAS.

associate counsel so acquainted with the merits, as to enable her to go safely to trial. This cause cannot be distinguished from that of *Barry* vs. *Louisiana Insurance Company.* 12 *Martin* 484.

The injunctions, which, by the code of practice, are to be tried summarily, are those, where a defendant in execution obtains them; not where, as in this case, they are granted on the demand of a third party. *Code of practice,* 739, 740, 741, 305, 398.

It is therefore ordered, adjudged and decreed, that the judgment of the district court, be annulled, avoided and reversed; and it is further ordered, adjudged and decreed, that this case be remanded for a new trial, the appellees paying the costs of this appeal.

*Derbigny & Hiriart* for the plaintiff, *Cuvillier* for the defendants.